J. Stephen Peek (Nevada Bar No. 1758)
Brad M. Johnston (Nevada Bar No. 8515)
HALE LANE PEEK DENNISON
    AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Charles K. Verhoeven
Amy H. Candido
R. Tulloss Delk
QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff*

John K. Gallagher (Nevada Bar No. 00956)
GUILD, RUSSELL, GALLAGHER &
    FULLER, LTD.
100 West Liberty Street, Suite 800
Reno, Nevada 89501
Telephone: (775) 786-2366
Facsimile: (775) 322-9105

Robert G. Krupka
Marc H. Cohen
Brian G. Arnold
Lindsay D. Casamassima
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BALLY GAMING, INC., a Nevada corporation d/b/a BALLY TECHNOLOGIES,<br><br>    Plaintiff,<br><br> v.<br><br>IGT, a Nevada corporation,<br><br>    Defendant. | Case No. CV-S-06-0483-ECR-(RAM)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION** |

This Stipulated [Proposed] Protective Order ("Protective Order") is entered into between Plaintiff Bally Gaming Inc. and Defendant IGT to address the confidentiality of certain discovery in this action. It is hereby stipulated and agreed that the following applies to all discovery matters in this action:

  **1.**  <u>**Scope of Order.**</u> This Protective Order includes in its scope any documents, materials, and information that are produced, disclosed, or filed in this action and any appeal, by or on behalf of any party or third party, voluntarily or involuntarily, whether pursuant to formal or

informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, deposition, response to any type of written discovery, submission to this Court, or otherwise ("Litigation Material").

**2. Use of Litigation Material Generally.** All non-public Litigation Material shall be used solely for the prosecution or defense of this action and any appeal, and for no other purpose. This Order does not prevent or limit disclosure, use, or dissemination of documents or information in the public domain.

**3. Confidential Information.** To designate Litigation Material as CONFIDENTIAL INFORMATION, the designating party must have a good faith belief that the Litigation Material is non-public.

CONFIDENTIAL INFORMATION shall include any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, quote, or contain CONFIDENTIAL INFORMATION.

**4. Highly Confidential Information.** To designate Litigation Material as HIGHLY CONFIDENTIAL INFORMATION, the designating party must have a good faith belief that the Litigation Material contains proprietary information, trade secrets, or other highly sensitive commercial or competitive information whose disclosure would raise a material risk of (i) present or future competitive or commercial injury to the designating party, or (ii) present or future competitive or commercial advantage to the receiving party or non-parties.

HIGHLY CONFIDENTIAL INFORMATION shall include any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, quote, or contain HIGHLY CONFIDENTIAL INFORMATION.

**5. Designation of Litigation Material as Confidential Or Highly Confidential Information.** Any party or third party may designate, at or prior to production, any Litigation Material produced or disclosed by or on behalf of such party or third party, or any portion of such material, as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. A party may also designate Litigation Material that it or a third party has produced as CONFIDENTIAL or

HIGHLY CONFIDENTIAL INFORMATION by providing written notice of that designation within 30 days of production.

A party may make Litigation Material available for inspection by outside counsel of record for the requesting party prior to providing copies of the selected items, in which case such material shall be treated as CONFIDENTIAL INFORMATION until it is marked and copies are provided, unless it is specifically designated otherwise in the interim. Such an initial inspection does not constitute a waiver of confidentiality with respect to any document or thing inspected.

CONFIDENTIAL INFORMATION shall be designated as such by stamping or labeling the pages of the document with the word "CONFIDENTIAL."

HIGHLY CONFIDENTIAL INFORMATION shall be designated as such by stamping or labeling the pages of the documents with the term "HIGHLY CONFIDENTIAL."

**6.     Use of Confidential Or Highly Confidential Information.**  In the absence of written permission from the designating party or a court order, CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION shall be used solely for the purpose of this action and any appeal, and shall not be used, made available, or disclosed for the purposes of any other litigation, judicial or administrative proceeding, arbitration, mediation, dispute or case, or used for any other commercial, business, competitive, or other purpose.

CONFIDENTIAL INFORMATION shall not be made available, nor its contents disclosed, to persons other than QUALIFIED PERSONS or SPECIALLY QUALIFIED PERSONS, as defined herein.

HIGHLY CONFIDENTIAL INFORMATION shall not be made available, nor its contents disclosed, to persons other than SPECIALLY QUALIFIED PERSONS, as defined herein.

**7.     Qualified Persons.**  QUALIFIED PERSONS include only the following:

a.     outside counsel of record for the parties or outside counsel for producing third parties, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

b.      in-house counsel for the parties or for producing third parties, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

c. the Court, persons employed by the Court, jurors or potential jurors in this case or any appeal therefrom, and stenographers or videographers transcribing or recording testimony or argument at depositions, hearings or trial in this case or any appeal therefrom;

d. outside vendors retained by counsel of record to assist in the litigation of this matter and any appeal, including without limitation document duplication services, imaging or scanning services, litigation consulting services, document management services and graphic services;

e. any party (including its current officers, directors, and employees) as necessarily incident to the litigation of this matter and any appeal, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

f. outside consultants and/or experts engaged or used by counsel or a party for the purpose of this action and any appeal, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

g. persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim or any other claim; and

h. any other person consented to by counsel for the designating party or ordered by the Court, as detailed in Paragraph 9 of this Order.

**8. Specially Qualified Persons.** SPECIALLY QUALIFIED PERSONS as used herein shall include only the following:

a. outside counsel of record for the parties, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

b. the Court, persons employed by the Court, jurors or potential jurors in this case or any appeal therefrom, and stenographers or videographers transcribing or recording testimony or argument at depositions, hearings or trial in this case or any appeal therefrom;

c. outside vendors retained by counsel of record to assist in the litigation of this matter and any appeal, including without limitation document duplication services, imaging or

scanning services, litigation consulting services, document management services and graphic services;

     d.    outside consultants and/or experts engaged or used by counsel for the purpose of this action and any appeal, including regularly employed support personnel as necessarily incident to the litigation of this matter and any appeal;

     e.    persons who were the authors or recipients of the documents in the ordinary course of business, provided that any review by such persons shall be for the sole purpose of this action and cannot in and of itself form the basis of any future trade secret misappropriation claim or any other claim; and

     f.    any other person consented to by counsel for the designating party or as ordered by the Court, as detailed in Paragraph 9 of this Order.

     **9.**    **Procedure for Adding Additional Qualified And Specially Qualified Persons**. If a party seeks to disclose specific CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION to a person not identified in Paragraphs 7(a) through 7(g) or Paragraphs 8(a) through 8(e), the party seeking to disclose such information must provide written notification to the designating party of the identity of the person who would be shown such material (including his or her business or government affiliation) and the specific CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to be disclosed, after which the designating party shall have ten (10) business days to object in writing to the disclosure. In the case of any objection, the party seeking to disclose the identified CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION may apply for an order from the Court compelling disclosure. If the designating party consents to the disclosure or fails to object within ten (10) business days after receipt of written notice of the intended disclosure, the person shall be treated as a QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON with respect to the identified CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, as the case may be.

     **10.**    **Agreement by Qualified And Specially Qualified Persons.**  CONFIDENTIAL INFORMATION shall not be made available to any QUALIFIED PERSON designated in paragraphs 7(f) and 7(h), and HIGHLY CONFIDENTIAL INFORMATION shall not be made

available to any SPECIALLY QUALIFIED PERSON designated in paragraphs 8(d) and 8(f), unless such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON has first read this Protective Order and has agreed in writing (as evidenced by signing the acknowledgment of this Order, set forth in Exhibit A): (1) to be bound by the Order's terms; (2) to maintain the confidentiality of the information and not to use or disclose that to anyone other than as provided herein; and (3) to utilize such information solely for the purpose of this action and any appeal.

In addition, the assent to this Protective Order by counsel for each party or third party binds such counsel, his or her law firm, clerical and support personnel employed by such law firm, his or her co-counsel and clerical and support personnel employed by such co-counsel.

Counsel for the party obtaining an Exhibit A acknowledgment shall retain a copy of that acknowledgment during the course of this action until terminated by judgment, dismissal or settlement. Counsel for the party obtaining an Exhibit A acknowledgment shall provide a copy to the opposing party or their counsel upon request.

Any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON receiving CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION, as the case may be, shall not reveal or discuss the contents of that information to or with anyone not entitled to receive such information as set forth herein.

In the event that any QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON ceases to engage in the litigation of this matter or any appeal, access by such person to such CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL INFORMATION shall be terminated. The provisions of this Order, however, shall otherwise remain in full force and effect as to such QUALIFIED PERSON or SPECIALLY QUALIFIED PERSON.

**11.** **<u>Designation of Deposition Testimony.</u>** A party or third party may designate information disclosed during a deposition as CONFIDENTIAL INFORMATION by so indicating on the record at the deposition. A party or third party may also designate in writing, within thirty (30) days of the receipt of the transcript ("the designation period"), that specific pages of the transcript be treated as CONFIDENTIAL INFORMATION.

1   A party may designate information disclosed during a deposition as HIGHLY
2   CONFIDENTIAL INFORMATION by so indicating on the record at the deposition. A party may
3   also designate in writing, within the thirty (30) day designation period, that specific pages of the
4   transcript be treated as HIGHLY CONFIDENTIAL INFORMATION.
5   Until the designation period has elapsed for a given deposition transcript, all information
6   contained or incorporated in that transcript shall be treated as HIGHLY CONFIDENTIAL
7   INFORMATION.
8   When information contained or incorporated in a deposition transcript is designated as
9   CONFIDENTIAL or HIGHLY CONFIDENTIAL, the party making the designation shall make
10   arrangements with the court reporter to label the relevant pages CONFIDENTIAL or HIGHLY
11   CONFIDENTIAL.
12   Further, during a deposition, a party or third party claiming in good faith that information
13   that is to be disclosed or upon which questions may be based is CONFIDENTIAL or HIGHLY
14   CONFIDENTIAL may exclude from the room anyone who is not a QUALIFIED PERSON or
15   SPECIALLY QUALIFIED PERSON, as the case may be.
16   **12.   Filing Confidential Or Highly Confidential Information.** To the extent that any
17   CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION is contained in, incorporated
18   in, reflected in, described in, or attached to any document submitted to the Court, counsel shall file
19   that submission under seal.
20   **13.   Procedure for Post-Production Designation.** Within thirty (30) calendar days of
21   the production of documents or other Litigation Material that have not been stamped or labeled
22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the producing party may designate the
23   documents or other Litigation Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by
24   providing written notice to the recipients of such information. However, no recipient shall be
25   bound by the terms of this Protective Order, or subject to liability for failure to comply with such
26   terms, with respect to such CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION,
27   until receipt of such written notice. If, before receipt of the notice, CONFIDENTIAL or HIGHLY
28   CONFIDENTIAL INFORMATION contained in the documents or other Litigation Material had

1  been properly shared with a person who would not be entitled to it as designated upon receipt of
2  the notice, that person shall be advised that the Litigation Material has been designated as
3  CONFIDENTIAL or HIGHLY CONFIDENTIAL and instructed not to use the Litigation Material
4  for any purpose other than this action and any appeal.

5  **14.** **Procedure for Objection to Designation.** A party shall not be obliged to
6  challenge the propriety of a confidentiality designation at the time made, and failure to do so shall
7  not preclude a subsequent challenge to such designation. In the event any party objects, at any
8  stage of the proceedings, to the designation of Litigation Material as CONFIDENTIAL or
9  HIGHLY CONFIDENTIAL, the parties shall try first to dispose of such dispute in good faith on
10 an informal basis. If the dispute cannot be resolved informally, the objecting party may, on notice
11 to all other parties, apply to the Court for appropriate relief. The designating party shall have the
12 burden of establishing that the Litigation Material is entitled to CONFIDENTIAL or HIGHLY
13 CONFIDENTIAL treatment, as the case may be. If an application to the Court is made, the
14 Litigation Material shall continue to be treated as CONFIDENTIAL or HIGHLY
15 CONFIDENTIAL, as the case may be, until the Court enters an order determining otherwise.

16 **15.** **Improper Disclosure of Confidential Or Highly Confidential Information.** If
17 any Litigation Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is
18 disclosed, inadvertently or otherwise, to a person or party other than a QUALIFIED or
19 SPECIALLY QUALIFIED PERSON, as the case may be, then the party who disclosed the
20 information shall (a) promptly inform the person to whom disclosure was made of all the
21 provisions of this Protective Order; (b) immediately inform the party who designated the
22 Litigation Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL about all the
23 circumstances of the improper disclosure, including what information was improperly disclosed
24 and to whom it was disclosed; (c) request the person to whom disclosure was made to sign the
25 acknowledgment set forth in Exhibit A of this Protective Order; and (d) serve the signed
26 acknowledgment on the party who designated the Litigation Material as CONFIDENTIAL or
27 HIGHLY CONFIDENTIAL.
28

**16. Inadvertent Production of Privileged Litigation Material.** The inadvertent or unintentional production of Litigation Material which a party or non-party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege, will not be deemed to waive any privileges. A party or non-party may request the return of such privileged material by identifying the material and the basis for the privilege. If a party or non-party requests the return of such material, the party having custody of the material shall return it (and all copies) within five (5) calendar days.

**17. No Waiver.** Nothing in this Protective Order shall prejudice or waive the right of any party to object to the production of any document upon any appropriate ground, including any applicable privilege. Moreover, nothing in this Protective Order shall prejudice or waive the right of any party to object to the admissibility of any Litigation Material or other evidentiary material on any appropriate ground.

Entering into and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular Litigation Material contains or reflects currently valuable trade secrets or protected proprietary or commercial information; or (b) operate as an admission by any party that any particular Litigation Material is, or is not, relevant to this action.

**18. Parties' Own Information.** Nothing in this Protective Order shall limit any party's use of its own documents or shall prevent any party from disclosing its CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION to any person.

**19. Disclosures Beyond Protective Order.** Nothing contained herein shall prevent disclosure beyond the terms of this Protective Order (a) if the designating party consents to such disclosure; (b) if this Court, after notice to all affected persons, allows such disclosure; or (c) if the party to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process, provided that the subpoenaed party gives prompt written notice to counsel for the designating party before any such disclosure.

20. **Notice to Third Parties.** Any party issuing a subpoena to a third party shall enclose a copy of this Protective Order.

21. **Availability to Third Parties.** Any third party from whom discovery is sought may obtain the protection of this Protective Order by signing a copy of the Order and thereby manifesting its express consent to the jurisdiction of the Court for purposes of enforcement of this Order.

22. **Relief from Protective Order.** Entry of this Protective Order shall be without prejudice to the application by any party or third party (i) for relief from any restriction contained herein or (ii) for any order compelling or further restricting the production, exchange or uses of any Litigation Material produced, given or exchanged in the course of this action and any appeal. The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be signed by the parties or their counsel.

23. **Survival.** All the provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement among the parties or further order of this Court. The "conclusion of this action" shall mean all appeal periods have expired and any settlement or judgment has become final.

24. **Return of Confidential and Highly Confidential Information.** At the conclusion of this action, the parties shall assemble and return to each producing party or third party all originals and reproductions of any Litigation Material containing information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION within thirty (30) days, except that the parties' outside counsel of record are permitted to retain a complete file of all litigation documents filed with the Court in this action. In lieu of returning such Litigation Material, a party may destroy such Litigation Material within thirty (30) days of the conclusion of this action, provided the party electing to undertake such destruction certifies to the designating party in writing that it has made a reasonable and good faith effort to destroy all copies, and that all copies have been destroyed to the best of its knowledge.

1  The one copy of all litigation documents filed with the Court which the parties' counsel are
2  permitted to retain shall not be subject to any obligation to destroy or return as provided herein,
3  but otherwise shall be handled according to the provisions of this Protective Order.

5  IT IS SO STIPULATED.

7  Dated: December 15, 2006

By: /s/
J. Stephen Peek (Nevada Bar No. 1758)
HALE LANE PEEK DENNISON AND HOWARD
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179

Charles K. Verhoeven
Amy H. Candido
R. Tulloss Delk
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
50 California Street. 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

*Attorneys for Plaintiff*

Dated: December 15, 2006

By: /s/
John K. Gallagher (Nevada Bar No. 00956)
GUILD, RUSSELL, GALLAGHER & FULLER, LTD.
100 West Liberty Street, Suite 800
Reno, Nevada 89501
Telephone: (775) 786-2366
Facsimile: (775) 322-9105

Robert G. Krupka
Marc H. Cohen
Brian G. Arnold
Lindsay D. Casamassima
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for Defendant*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: December 15, 2006

-11-  Case No. CV-S-06-0483-ECR-(RAM)
STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION

**EXHIBIT A**

**AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I, _____, state that:

    **1.**    My home address is _____

_____.

    **2.**    My present employer is _____

_____.

    **3.**    My present occupation or job description is _____

_____

_____.

    **4.**    I am not working or consulting for any party in the action entitled <u>Bally Gaming, Inc. v. IGT</u>, Case No. CV-S-06-0483-ECR-(RAM), except as follows: _____

_____

_____

_____.

    **5.**    I have received a copy of the Stipulated Protective Order (the "Protective Order") in <u>Bally Gaming, Inc. v. IGT</u>, Case No. CV-S-06-0483-ECR-(RAM), and I have carefully read and understand the provisions of the Protective Order.

    **6.**    Counsel for _____ has explained to me my obligations under the Protective Order.

    **7.**    I will comply with all of the provisions of the Protective Order. I agree that I will not at any time reveal or discuss the contents of the documents, materials, or information furnished to me in the course of this lawsuit that are subject to the Protective Order with anyone, except as expressly authorized by the Protective Order, or as otherwise required by the Court. I agree to use any documents, materials, or information furnished to me only for the purposes of this action and any appeal, and for no other purpose.

    **8.**    I will advise any necessary assistant of mine of the nature of any CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION which I disclose to such assistant and will be

1  responsible for assuring that such assistant complies with the same obligations of confidentiality to
2  which I am hereby agreeing.
3      **9.**    Upon completion of my work, I will return all CONFIDENTIAL and HIGHLY
4  CONFIDENTIAL INFORMATION in my possession, and which comes into my possession, to
5  counsel for the party by whom I am employed or retained.
6      **10.**    I further agree that in the event I cease to have any involvement in this action:
7  (a) I shall promptly return all Protected Information to the party or counsel from whom I received
8  it; and (b) I shall maintain the confidentiality of all Protected Information disclosed to me. I
9  understand that violation of the terms of this Protective Order may subject me to civil liability.
10     **11.**    I hereby consent to the jurisdiction of the United States District Court for the
11 District of Nevada for the limited purpose of any proceedings to enforce the terms of this
12 Protective Order.
13     **12.**    I declare that all statements made herein are true and correct and understand that
14 any willful false statement is punishable by fine and/or imprisonment.
15
16 Dated: _____
17
18 Signature: _____
19 Name (typed/printed): _____
20
21
22
23
24
25
26
27
28

-13-     Case No. CV-S-06-0483-ECR-(RAM)
STIPULATED [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED INFORMATION